

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 24, 1967

Honorable Fred P. Holub
County Attorney
Matagorda County
Bay City, Texas

Opinion No. M-45

Re: Whether a person may
hold the office of Con-
stable and at the same
time be elected and
serve as Director of
a Water Control and
Improvement District.

Dear Mr. Holub:

· You have requested an opinion from this office as to whether a person who holds the office of Constable, and during his term of office, is elected as a Director of a Water Control and Improvement District, is holding two civil offices of emolument, and if so, does this violate the provisions of Section 40 of Article XVI of the Constitution of Texas.

Section 40 of Article XVI of the Constitution of Texas reads in part:

"No person shall hold or exercise, at the same time more than one civil office of emolument. . ."

A Constable duly elected to such office is holding a civil office of emolument. Section 18, Article V, of the Constitution of Texas, provides for the election of a Constable in each precinct of a county; Section 61 of Article XVI of the Constitution of Texas, provides that it is mandatory that all law enforcement officers shall be compensated on a salary basis beginning January 1, 1949.

We next consider the question of whether a person who has been elected as a member of the Board of Directors of a Water Control and Improvement District, is holding a civil office of emolument.

Article 7880-37, Vernon's Civil Statutes, provides as follows:

- 212 -

"There shall be held a general election
in said water control and improvement districts
on the second Tuesday in January next after
the said district is formed at which time five
directors for each district shall be elected.
The three directors receiving the highest vote
shall serve for two years. The other two
directors shall serve for one year. At the
second annual election two directors shall be
elected to serve two years. At the third
annual election three directors shall be elected
to serve two years, and thereafter there shall
be an annual election of two directors in one
year and three directors in the next year in
continuing sequence." Acts, 39th Leg., 1925,
ch. 25, p. 95, § 37; Acts 40th Leg., 1st C.S.,
1927, ch. 107, p. 496, § 6.

Article 7880-39, Vernon's Civil Statutes, provides
as follows:

"The directors of a district shall each
make and furnish a good and sufficient bond
in the sum of five thousand dollars, payable
to the district, conditioned upon the faith-
ful performance of their duties as such directors.
They shall each take and subscribe an oath of
office with conditions therein as provided by
law for members of the county commissioners'
court. After the organization of a district
as herein provided and the qualification of
the first board of directors all such bonds
required to be given by a director or other
officer of a district shall be approved by
the director of the district. All such bonds
shall be filed for record in the office of the
county clerk of the county in which the director
lives and shall then be recorded in a record kept
for that purpose in the office of the district
and be filed for safe keeping in the depository
of the district." Acts 39th Leg., 1925, ch. 25,
p. 96, § 39.

Article 7880-43, Vernon's Civil Statutes, provides
as follows:

"The directors shall receive as fees of
office the sum of not to exceed Twenty-five

Dollars ($25.00) per day for each day of service necessary to discharge their duties; provided, however, that such fees shall not exceed the sum of One Hundred Dollars ($100.00) for any one month regardless of the number of days of necessary service during that month. They shall file with the secretary a verified statement showing the actual number of days of service each month on the last day of the month, or as soon thereafter as possible and before a warrant shall be issued therefor." As amended Acts 55th Leg., 1957, ch. 415, p. 1251, § 1.

It can thus be seen from a reading of the above statutes that a member of the Board of Directors of a Water Control and Improvement District is an elective office for which the Directors receive a fee for services performed, and is therefore a civil office of emolument.

It is therefore our opinion that the office of Constable and the office of Director of a Water Control and Improvement District are both civil offices of emolument and that the holding of both offices at the same time is in violation of Section 40 of Article XVI of the Constitution of Texas.

### S U M M A R Y

Section 40 of Article XVI of the Constitution of Texas, forbids the holding of more than one civil office of emolument at the same time. The office of Constable and the office of Director of a Water Control and Improvement District are both civil offices of emolument and it is unconstitutional for one individual to hold both offices at the same time.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General